**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABRAHAMSON CASTOR,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden at Imperial Regional Detention Center, et al,<br><br>                                    Respondents. | Case No.:  26-cv-811-BJC-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, Abrahamson Castor, a citizen of Haiti, received advanced travel authorization and was paroled into the United States at the Miami International Airport on June 18, 2023. *Id.* Petitioner's Temporary Protected Status (TPS) application is currently pending, and he also has an asylum application pending with the immigration court. *Id.* On January 16, 2026, Petitioner was taken into immigration custody at a highway checkpoint in California. ECF No. 1. He has been detained at the Imperial Regional Detention Facility in Calexico, California since his arrest.

On February 9, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Court set a briefing schedule on February 10, 2026. ECF No. 2.  On February 20, 2026, Respondents filed a return.  ECF No. 7. On February

25-cv-0811-BJC-DDL

24, 2026, Petitioner filed a traverse.  ECF No. 8.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act ("INA"), the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act ("APA").  ECF No. 1 at 16-19.  Respondents do not address Petitioner's arguments.  Instead, Respondents contend Petitioner is subject to detention under 8 U.S.C. § 1225, but they acknowledge courts in this district have reached the opposition conclusion.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]."  8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was not provided an individualized determination, and he did not have an opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates the INA, due process rights, and the APA.

//

//

//

//

25-cv-0811-BJC-DDL

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  February 26, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-0811-BJC-DDL